**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **NIMITZ TECHNOLOGIES LLC,**<br><br>         **Plaintiff,**<br><br>               **v.**<br><br>**SKILLSHARE, INC.,**<br><br>         **Defendant.** | **Case No.**<br><br><br>**Jury Trial Demanded** |

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiff Nimitz Technologies LLC, by and through the undersigned counsel, files this Complaint for patent infringement against Defendant Skillshare, Inc., and in support states, all upon information and belief:

### PARTIES

1.      Plaintiff Nimitz Technologies LLC is a limited liability company organized and existing under the laws of the State of Texas and having its office address at 3333 Preston Road STE 300, #1047, Frisco, TX 75034 ("Nimitz" or "Plaintiff").

2.      Defendant Skillshare, Inc. is a Delaware corporation with its registered office located at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808 ("Skillshare" or "Defendant").

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Defendant at least because Defendant is a corporation organized under the laws of the State of Delaware.

5.      Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b) because Defendant is deemed to be a resident of this District.

## PATENT 7,848,328

6.      U.S. Patent No. 7,848,328, entitled "Broadcast Content Encapsulation" (the "'328 Patent") was duly and legally issued on December 7, 2010.  A true and correct copy of the '328 Patent is attached as Exhibit 1.

7.      The Patent disclosed and exemplified a unique and valuable system and method for delivering multiple versions of content which are mapped to streams carrying data for those multiple versions. The data streams are encapsulated into User Datagram Protocol (UDP) packets; the UDP destination port fields of the packets are given component-identifying values. A user equipment (UE) receiving the transmitted service identifies desired components based on the UDP destination port field values. The UE further encapsulates desired component UDP packets into Internet Protocol (IP) packets, and may assign component-identifying values to fields of the IP packets (e.g., the IP source address and/or IP destination address).

8.      Plaintiff is the named assignee of, owns all right, title and interest in, and has standing to sue and recover all past damages for infringement of the '328 Patent.

9.      The method claims of the '328 Patent were allowed by the United States Patent and Trademark Office based on the Office's determination that the method claims included mapping that

> comprises assigning a specific value to each component for a predefined field of a packet according to a second communication protocol, the specific value distinguishing the component from other components, and the encapsulating comprises encapsulating the packet streams according to one or more lower layer protocols without encapsulating the packet streams according to the second communication protocol.

(Notice of Allowability).

10.     All the claims differed from the closest prior art, Arad et al. US Pat. 7,590,991, Balakrishnan et al. US Pat. 7,227,899, Poli et al. US Pat Appln. 2005/0122976, Anschutz et al. US Pat. Appln. 2004/0230695 and Rakib, Selim Shlomo US Pat. 6,970, 127, all of which disclosed conventional communication systems, either singularly or in combination, and, thus, failed to anticipate or render the above features obvious.  (Notice of Allowability).

11.     The method claims are patent eligible under 35 U.S.C. § 101.  The claims are not abstract.  As reflected in the Notice of Allowance, the claims are directed to a novel improvement that, unlike conventional art, comprises assigning a specific value to each component for a predefined field of a packet according to a second communication protocol, with the specific value distinguishing the component from other components, and the encapsulating comprises encapsulating the packet streams according to one or more lower layer protocols without encapsulating the packet streams according to the second communication protocol.

12.     Thus, the '328 Patent claims focus on specific improvements in computer capabilities as opposed to an invention that simply uses computers as a tool.  The focus of the claimed advance is on a solution to a technological problem arising in computer operations and

provides a specific improvement in computer capabilities or functionality, rather than only claiming a desirable result or function.

13.     Further, Claim 1 and its dependent claims, individually and as an ordered combination, recite an inventive concept, which is manifestly more than the application of an abstract idea using well-understood, routine, and conventional activities previously known to the industry.  As stated by the Examiner, prior to the present invention, there was no prior art disclosing a system and method for encapsulating data streams, and particularly where the data streams related to a specific content that is mapped to components of a transmission service that delivers multiple versions of that specific content.  Such content may include audio data, video data and/or other types of data, some or all of which may be any combination of real-time and non-real-time data. For example, versions of the content may vary based on a CODEC used to encode media for the content, based on transmission parameters (e.g., bit rate) for a data stream providing such media, based on a language for subtitles or other text associated with the specific content, based on other types of data associated with the content, etc.  The data stream for each component is encapsulated into packets according to a communication protocol such as, e.g., User Datagram Protocol (UDP). A common field of each packet header, which in some embodiments is the UDP destination port field, is given a value identifying the corresponding component. A user equipment (UE) receiving a transmission of the service identifies desired components based on the common field value.

## COUNT I – INFRINGEMENT OF THE '328 PATENT

14.     Plaintiff restates and incorporates by reference the foregoing allegations.

15.     In violation of 35 U.S.C. § 271(a), BuzzFeed has practiced and continues to practice the method of at least Claim 1 of the '328 Patent by streaming the content found in https://www.skillshare.com ("Accused Instrumentality").

16.     Attached hereto as Exhibit 2, and incorporated herein by reference, is a claim chart detailing why the Accused Instrumentality infringes at least method Claim 1.

17.     As a result of Defendant's infringement of the '328 Patent, Plaintiff has suffered damages.

18.     Nimitz is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

19.     Only method claims of the '328 Patent are being asserted, and, thus, patent marking is not an issue.  In any event, Nimitz has not commercialized any products under the '328 Patent and has  no information that any prior owners of the Patent have not complied with patent marking requirements.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff Nimitz Technologies LLC respectfully requests that the Court find in its favor and against Defendant Skillshare, Inc., and that the Court grant Plaintiff the following relief:

A.     an adjudication that Defendant had infringed the '328 Patent;

B.     an award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '328 Patent, including pre-judgment and post-judgment interest, costs, expenses, and an accounting of all infringing acts; and

C.      any and all such further relief at law or in equity that the Court may deem just and proper, including but not limited to attorneys' fees.

Dated: September 24, 2021                  Respectfully submitted by:


                                           */s/ George Pazuniak*
                                           George Pazuniak (#478)
                                           O'Kelly & O'Rourke, LLC
                                           824 N. Market Street
                                           Suite 1001A
                                           Wilmington, DE 19801
                                           (302) 478-4230
                                           gp@del-iplaw.com

                                           *Attorney for Plaintiff Nimitz Technologies LLC*